IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DAVID BELDANIO, PRO SE, §
TDCJ-CID No. 500965 §
Previous TDCJ-CID No. 413103 §
§
Plaintiff, §
§
v. § 2:16-CV-0032
§
NFN RAINS, Captain, §
§
Defendant. §

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff DAVID BELDANIO, acting *pro se* and while a prisoner incarcerated in the

Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant

to Title 42, United States Code, section 1983 complaining against the above-referenced

defendant and has been granted permission to proceed according to Title 28, United States Code,

section 1915.

Plaintiff alleges that, on November 30, 2016, defendant RAINS, acting as disciplinary

hearing officer, violated the Fourteenth Amendment when he found plaintiff guilty of a

disciplinary infraction based upon insufficient evidence.

Plaintiff requests monetary relief in the sum of $45,000.00 and unspecified injunctive

relief.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The United States District Judge has reviewed plaintiff's original complaint and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendant.

## THE LAW AND ANALYSIS

Plaintiff states that he was assessed 45 days of commissary and 45 days of recreation restriction as punishment for his disciplinary case.

Disciplinary restrictions that alter the conditions of confinement do not implicate due process protection unless they represent the type of atypical, significant deprivation which constitutes a liberty interest that is protected by due process. *Sandin v. Conner*, 515 U.S. 472, 486, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995). These will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

(1995)).  Plaintiff lost no goodtime credits in connection with this disciplinary hearing and has no federally protected due process rights in connection with it.

Plaintiff's claim lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A(b) and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff DAVID BELDANIO is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this Order of Dismissal to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ 3rd _____ day of March, 2016.


_____
MARY LOU ROBINSON
United States District Judge